His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a suit to annul a contract of sale on the ground of the failure of material representation.
Plaintiff avers that on February 21, 1911, by a verbal contract he purchased of the defendant a player piano for $740 on the assurance from the manager and from the salesman of the defendants that he could at all times procure '65 note music; that after the lapse of two years he was informed by the defendant that the manufactory had discontinued making 65 note music, and as this would make his piano worthless the defendants suggested that they would put a 85 note Angelus movement in his piano; that he delivered his piano to the defendants, who after keeping it for about three months, returned it to him; that he was later informed that the movement put in his piano was-not an Angelus movement but a Gil-Bronson-Dixson action, a very much inferior movement, which was not what he contracted for *395 nor what suited him; that he has already paid the defendants $715; that the defendants by neglecting to further procure or have manulactured 65 note music ¡and in failing to install the Angelus 88 note .movement have violated their contract and he is entitled to have the contract of sale annulled, and the amount of the price paid by him reimbursed to him. Plaintiff tenders the piano ¡and prays for judgment for $715.
The defendants admitted the sale but averred that it was in writing and annexed the written contract signed by plaintiff, and denied the other allegations of the petition; they reconvened for the balance due on the piano $25, and for the price of the 88 note movement, $161.82, with 8°/o interest on each payment from the date of the contract until paid, and 10 % -attorney’s fees in accordance with the contract of sale with privilege on the piano.
For written reasons on file there was judgment against the plaintiff dismissing his demand, and in favor of the •defendants on their reconventional demand.
Plaintiff has -appealed.
"When plaintiff took the stand as a witness he was asked what representations had been made to hini concerning the music. This was objected to on the ground that the written document was the best evidence of the contract, -and that plaintiff could not vary it by testimony. The objection w-as maintained, and we think properly. There is not a word in the written contract of sale about music. This leaves plaintiff without a -case on his demand for the return of the price paid by him. The only question remaining is his liability on the reconventional demand. There is no doubt that he owes the balance of the price, $25, with interest and -attorney’s fees, fnr they are specifically provided for in the contract. Whether he owes the cost of installing the G-il-Bronson- *396 Hixson movement depends upon the appreciation of the testimony of the several witnesses.
Opinion and decree, April 24th, 1916.
il. Mische negotiated witn the plaintiff for installing tne «8 note movement. lie was then employed by the defendants; at the time of téstifying he was no longer in tneir employ; he was with J. P. Simmons. He ascertained that .an Angelus 88 note could not be installed in plaintiff’s piano; he so informed him, but told him that he could give him one of another make; with that understanding they took plaintiff’s piano, shipped it to the factory and had the change made; the Gil-BronsonDixson movement is as good as the Angelus.
Tike plaintiff on the other hand cannot say with whom he dealt for the 88 tone change, whether it was Mr. Simmons or with Mr. Mi che; he finally said it was with both; he denies absolutely that Simmons even told him that the Angelus 88 note movement could not be put in.
Mr. Simmons swears that plaintiff spoke with Mr. Mische and not with him. Mische’s testimony is corroborated by the cashier of defendants, who heard him inform plaintiff by telephone that they could not put in the movement he wanted but that they would put in another equally as good make.
The preponderance of evidence seems to be with defendants. Besides, the Judge of the District Court saw and heard the witnésses, and we are not satisfied that he erred. Plaintiff’s memory was shown to be at fault when he swore to his petition which alleged his contract for the purchase of the piano was verbal, when in fact it was' in writing. Mische was not interested.
Judgment affirmed.